# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

TRACEY E. GREEN                                                                    PETITIONER
Reg # 12098-045

v.                             Civil Case No. 2:18-cv-00060 DPM-JTK

GENE BEASELY, *Warden*,
Forrest City Low                                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

   1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Tracey Green for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry # 1) Petitioner claims that he has been deprived of his constitutionally-protected due-process rights, as a result of a disciplinary action taken against him during his confinement. Petitioner seeks to have the disciplinary action expunged from his file and that any Management Variables that were placed in his Inmate Central File be removed so that he can attend camp. Respondent has filed a Response asserting that the

Petition should be denied because Petitioner was not denied his due process rights and the disciplinary action is supported by some evidence. (Docket Entry # 7) Petitioner filed a Reply to the Response asserting that his procedural due process rights were violated because he did not receive a copy of the original incident report until June 14, 2016, while housed in SHU, and more than forty-eight hours later than Respondent claims. He also claims he was not notified of any charges against him on June 15, 2016, when the investigator went to see him, or told that an investigation was pending for possible criminal prosecution. (Docket Entry #8) He notes that his request for SHU logs and camera footage were denied in violation of "Program Statement 5270.09, § 541.5, §(2), ¶ 5," and he states he proceeded with his hearing, despite not having the logs, camera footage, and witnesses he wanted because he was threatened with more severe sanctions. *Id.*

## I. BACKGROUND

Petitioner is currently incarcerated at a federal correctional institution in Forrest City, Arkansas (FCI-Forrest City). He is serving an aggregate 120-month sentence out of the Western District of Missouri for possession with intent to distribute cocaine base, felon in possession of a firearm, and a supervised release violation. (Docket Entry #7-1, Attachment 1)

The facts underlying the petition are these: On June 12, 2016, at approximately 2:15 a.m., officers conducting a visual search noticed that Petitioner and another inmate were not in their assigned sleeping quarters. A 2:33 a.m. emergency bed count was conducted for the

unit, and the two were not present. They reappeared at the unit and were accounted for at the 4:00 p.m. count. (Docket Entry #7-1, Attachment Three)

On June 13, 2016, Petitioner was issued an incident report for escape (offense code 102). (Docket Entry #7, Attachment 2) The incident was referred to the United States Attorneys Office for possible prosecution on July 8, 2016, and released for administrative processing on July 12, 2016. *Id.* Subsequently, it is noted that Petitioner was given another copy of the report, and the investigation ensued. *Id.*

Petitioner appeared before the Disciplinary Hearing Officer (DHO) on July 26, 2016. (Docket Entry #7, Attachment 3) He was advised of his rights prior to hearing and waived the right to a staff representative. *Id.* Petitioner requested witnesses and a summary of the testimony of each witness was provided in the DHO report. *Id.* Petitioner denied the charge but admitted he gave a statement that he and the other inmate were "on the roof smoking. That's it." *Id.* After consideration of the evidence presented by Petitioner, Petitioner's requested witnesses, the documentary evidence, including the incident report and investigation, the DHO concluded that the greater weight of evidence supported the conclusion that Petitioner had committed the prohibited act of Code 102, Escape from a Non-Secure Institution. *Id.* The disciplinary sanctions imposed by the DHO included the disallowance of forty-one (41) days of good conduct time, forfeiture of 41 days of non-vested conduct time, and 180 days of loss commissary/phone/visitation privileges. *Id.*

Petitioner appealed the findings of the DHO through the Administrative Remedy

Program, and on or about September 1, 2016, the Regional Director remanded the matter, "directing that the discipline process begin anew." (Docket Entry #1, p. 24; Docket Entry #7, Attachment Four) The incident report was then rewritten a number of times to clarify the facts of the entire incident. (Docket Entry #7-1, Attachment Five and Attachment Eight) Petitioner was provided a copy of the rewritten report, and the matter was scheduled for another hearing. Petitioner again was advised of his rights at the disciplinary hearing (Docket Entry #7-1, Attachment 7), and he requested a staff representative and two witnesses. (Docket Entry #7-1, Attachment Six) However, at the hearing, Petitioner waived his requested staff representative. (Docket Entry #7-1, Attachment Eight; *see also* Attachment Six) One requested witness was unavailable because he had been released from custody, and the second witness provided a written statement and did not appear at the hearing due to security concerns. (Docket Entry #7-1, Attachment Eight) Following review, the DHO again concluded that Petitioner had committed the prohibited act of escape. *Id.* The sanctions previously imposed were again imposed. *Id.*

## II. SUMMARY OF ARGUMENT

Petitioner contends that his right to a fair and impartial hearing was violated because he was not given the incident report within twenty-four (24) hours as required by the Bureau of Prisons (BOP) policy. (Docket Entry #1) He states this violation spilled over to the Regional Director's remand order requiring that the disciplinary process be started anew. *Id.* Petitioner also argues that the sanctions imposed were inappropriate because he should have

been charged with the lesser series prohibited act of out of bounds instead of escape, which he states requires an inmate be absent from a facility for seventy-two (72) hours or longer. *Id.* He states the Incident Report will indicate he was absent from the living quarters less than seventy-two (72) hours and that he was on the roof of the living quarters, which they never searched. *Id.*

In opposition, Respondent asserts that Petitioner's due process rights were not violated and that there was sufficient evidence to support the findings of the DHO. (Docket Entry #7)

Based on the reasoning that follows, the Court finds no due process errors and sufficient evidence to support the DHO's decision. Therefore, the undersigned recommends that the petition be dismissed with prejudice and the prayer for relief be denied.

### III. DISCUSSION

**A. Due Process**

An inmate does not lose the right to due process of law simply because he is incarcerated. The deprivation of good time credits for a violation of a prison rule implicates liberty interests protected by the Due Process clause. *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). A prisoner facing a loss of good time credits is not, however, entitled to the full panoply of procedural safeguards that attend a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. at 556. To satisfy the constitutional requirement of due process, a prison disciplinary action must satisfy only the simple procedural requirements prescribed in *Wolff*, which include:

6

(1) advanced written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) a written statement by the factfinder as to the evidence relied upon and the reasons for disciplinary action taken; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in a defense; (4) the ability to seek the aid of a fellow inmate or assistance from the prison staff where an inmate is illiterate or where "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case"; and (5) an impartial disciplinary hearing body. *Wolff v. McConnell*, 418 U.S. at 564-571. *See also Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)); *Allen v. Reese*, 52 Fed. Appx. 7, 8 (8th Cir. 2002) (unpublished opinion) (holding that federal prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of the DHO's decision). The decision of the prison DHO is only required to be supported by "some evidence in the record." *Espinoza v. Peterson*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457; *see also Ragan v. Lynch*, 113 F.3d 875, 876

(8th Cir. 1997) ("[w]hen inmates are entitled to due process before being disciplined, they must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record.").

First, Petitioner claims he did not receive the report until June 14 or so when it was delivered by a different officer to the Special Housing Unit (SHU) after being pre-signed and predated for June 13 by another officer. He also contends he sought SHU logs and surveillance video under the Freedom of Information Act to prove his receipt of the report, but he claims he did not receive them.

The incident occurred on June 12, 2016, and the report indicates that Petitioner received a copy of the report on June 13, 2016. BOP regulation 28 C.F.R.§ 541.5 provides that an inmate will ordinarily receive a copy of an incident report within twenty-four (24) hours of staff becoming aware of his or her involvement in an incident, but prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on imates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). The due process required under *Wolff* only requires written notice of charges twenty-four (24) hours before the DHO hearing is conducted, which was done in this case. *See Stanko v. Rios*, 2009 WL 1066021 (D. Minn. 2009).

Review of the report does not show pre-signed or predated information as Petitioner contends, but rather the handwritten signature, date, and time that an officer noted his

delivery of the Incident Report to Petitioner. That date was June 13, 2016, at 2:50 p.m. (Docket Entry #7-1, Attachment Two) It appears the BOP provided Petitioner with a copy of the report within twenty-four (24) hours, but even if it did not, the Court finds no due process violation under *Wolff*.

Petitioner asserts that another officer instead of the one identified in the incident report brought him a copy to SHU and that his request for SHU logs and surveillance video to prove such was not granted. While there is evidence of requests for SHU logs and video footage being made (Docket Entry #1, p. 11-15), there was no mention in any of the information reviewed by the Court of a video or log being available. Nor is there any mention by Petitioner in any grievance that he was unable to present such evidence. Even if there was a video or log, Petitioner does not contest that he received a copy of the incident report– only when he got it and who gave it to him. Even when there is substantial evidence to the contrary, the committee may find a guard's report to be credible. *Hrbek v. Nikx*, 12 F.3d at 781. While an agency's failure to follow its own ordinances or regulations may constitute deprivation of property without due process, *Derrickson v. St. Louis Bd. of Educ.*, 703 F.2d 309, 315 (8th Cir. 1983), an agency's failure to comply in every aspect does not in every case require a remand. *See Von Kahl v. Brennan*, 855 F. Supp. 1413 (M.D. Pa. 1994). Instead, courts examine the specific facts to determine if a constitutional violation occurred. *See Derrickson*, 703 F.2d at 315 (find that, as a matter of law, the defendants' alleged deviations from the regulations did not amount to a constitutional deprivation). Here, Petitioner had adequate notice of the charges against him and of the Unit Disciplinary

Hearing (UDC) hearing. He does not allege that he did not actually know or understand the charges against him.

As allowed by the rule, the investigation was suspended pending review by the Assistant United States Attorney (AUSA) for possible criminal prosecution but was referred back for internal process by the BOP on July 12, 2016. Second, Petitioner appears to take issue with the fact that he was not informed by the investigating officer that the matter had been referred outside of the BOP for possible criminal charges. Whether he was informed or not does not raise a constitutional due process issue.

A UDC hearing was held on July 15, 2016, and Petitioner was found guilty of escape. The DHO hearing took place on July 26, 2016, and the DHO found him guilty and rendered sanctions. Petitioner was advised of his rights ahead of the hearing and he had witnesses who provided statements for consideration. Petitioner appealed the DHO's finding, and on appeal, the Regional Officer directed the process to begin anew and was remanded. The Incident Report was re-written and provided greater detail, as permitted by Program Statement, 5270.07, Inmate Discipline and Special Housing Units, and Petitioner was provided a copy. He appeared before the UDC on October 21, 2016, and the DHO on November 8, 2016. He was advised of his rights in advance, and he received more than the required twenty-four (24) hour advanced notice. He was given the opportunity to present evidence and witnesses. Evidence shows Petitioner appeared before the DHO, made a statement, presented no documentary evidence, and presented two witnesses. (Docket Entry #7-1, Attachment 8) One of the witnesses was unavailable due to his release from custody

but the other witness provided a written statement. *Id.* Petitioner was offered the assistance of a staff representative, which he accepted; however, he waived that request when he appeared. *Id.*; *see also* Docket Entry #7-1, Attachment 6) Third, Petitioner claims on the date of the hearing, the staff representative could not be located, and he contends the DHO told him "a delay in conducting the hearing would only make the sanctions worse for [you]." (Docket Entry #8) Record evidence indicates that Petitioner signed and waived his right to a staff representative on the date of the hearing. (Docket Entry #7-1, Attachment 6) Regardless, Petitioner cites to no authority for the proposition that he has the constitutional right to a staff representative, much less one of his choosing. A prisoner does not have a general constitutional right to have a staff representative appear on his behalf in a disciplinary proceeding. *See Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996). Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *See Wolff v. McDonnell*, 418 U.S. at 570. Petitioner makes no allegation that he is illiterate, and the issues involved in the case were not complex. *See also Hammock v. Nash*, 2005 WL 2562295, *4 (M.D. Pa. 2005) (noting that *Wolff* "does not mandate that a prisoner has the right to be afforded a staff representative of his choosing."). Following the DHO hearing, Petitioner was again found to have committed escape and given the same sanctions as before.

Based on the foregoing, the Court finds that Petitioner's due process rights were not

violated.

## B. Sufficiency of the Evidence

Even if procedural due process requirements are satisfied, we still must determine whether there was sufficient evidence to support the decision to discipline Petitioner. Requirements of due process are satisfied with revocation of good-time credit if some evidence supports the decision. *Superintendent v. Hill*, 472 U.S. at 455. Examination of whether the some evidence standard is met does not require examination of the entire record, independent assessment of witness credibility or weighing of the evidence, but instead, the relevant question is whether there is any evidence to support the conclusion reached. *Id.* at 455-456.

Turning to the facts of this case, the undersigned concludes that some evidence supports the disciplinary decision. Petitioner undeniably admits to being on the roof, but he argues his actions at most were violation for being out of bounds and not of escape. He claims he was on the roof of the facility and did not leave the premises and states that not once was the roof of the facility checked. Prison officials can permissibly rely solely on violation reports to find inmates guilty of disciplinary infractions. *Id.* at 456. BOP regulations allow its staff to charge an inmate with prohibited act(s) he or she deem appropriate. It is not in the purview of the court to question the charge but to ensure substantial evidence supports the charge. To that end, substantial evidence supports the decision that Petitioner committed the prohibited act of escape.

The evidence presented showed that Petitioner and another inmate on June 12, 2016,

were discovered missing from their assigned quarters. The prison did a second search, and the two were still missing. They were confirmed missing after three more counts, but later in the day appeared back in their assigned area. Petitioner did not deny being outside of his cell, and he claims to have been on the roof smoking. The DHO found this explanation improbable stating it was "arbitrary to believe that in the month of June, with indexes above 90 or 100 degrees throughout the night and day, that you would be on the roof of a unit for approximately 13 hours claiming you were only smoking cigarettes." (Docket Entry #7-1, Attachment 8) Petitioner was not merely out of bounds or in an unauthorized area without authorization; he was not present. He was outside of his assigned quarters and not found on institutional grounds for well over ten hours; thus, he was found guilty the prohibited act of escape, and substantial evidence supports that decision.

### IV. Conclusion

In sum, the Court finds there was no due process violation and that the record in this case provides at least some evidence to support the DHO's determination that Petitioner committed the prohibited act of escape. Therefore, the DHO's decision in this matter should not be overturned by a writ of habeas corpus. *See Goff v. Dailey*, 991 F.2d 1437, 1442 (8th Cir. 1993) (the outcome of prisoner disciplinary proceedings will be upheld by the federal courts if it is supported by some evidence in the record).

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket Entry #1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is denied.

SO ORDERED this 7th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE